IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard M. Kennedy, III, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 3:15-cv-1844-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| David J. Shulkin, in his official | ) | **OPINION AND ORDER** |
| capacity as Secretary of the U.S. | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard M. Kennedy, III, is a staff anesthesiologist employed at the William

Jennings Bryan Dorn Veteran Affairs Medical Center (hereinafter "Dorn Medical Center") in

Columbia, South Carolina. Plaintiff brings this action against Defendant David J. Shulkin, in his

official capacity as Secretary of the United States Department of Veterans Affairs (hereinafter

"VA"), alleging discrimination under the Age Discrimination in Employment Act (hereinafter

"ADEA") pursuant to 29 U.S.C. § 633a. This matter is now before the court on Defendant's

renewed motion for summary judgment as to the disparate treatment claim filed on December 13,

2017, ECF No. 110, to which Plaintiff filed a response on December 27, 2017, ECF No. 112.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

On April 30, 2015, Plaintiff filed the present lawsuit against Defendant alleging that Dorn

Medical Center has a pattern of age discrimination in determining the market pay for

anesthesiologists employed at the Medical Center. ECF Nos. 1, Complaint, see also ECF No. 102,

Amended Complaint.[1] Plaintiff alleges two theories of discrimination under the ADEA: disparate

_____

[1] Plaintiff's amended complaint removed the cause of action for declaratory relief and substituted
Defendant Robert A. McDonald with successor David J. Shulkin, in his official capacity as

treatment and disparate impact. *Id.* at ¶ 38-39. On the disparate treatment claim, Plaintiff alleges that younger staff anesthesiologists are treated more favorably than older staff anesthesiologists. *Id.* ¶ 38. On the disparate impact claim, Plaintiff alleges that "although Dorn Medical Center's practices and policies may be facially neutral in their treatment of staff anesthesiologists, their impact falls more harshly on older staff anesthesiologists, including [Plaintiff]." *Id.* at ¶ 39. Plaintiff seeks damages against Defendant in the form of back pay, future pay, lost retirement benefits and other benefits, consequential damages, attorney's fees, and costs. *Id.* ¶ 42.

On July 1, 2016, the parties filed cross motions for summary judgment. ECF Nos. 38, 41. Plaintiff argued that Dorn Medical Center Compensation Panels did not take into account the required factors in determining market pay under the Pay Act. ECF No. 41 at 23-27. Plaintiff also sought declaratory relief to bring Dorn Medical Center in compliance with the Pay Act and to ensure that "the VHA [Veterans Health Administration] is able to recruit and retain the best qualified physicians to serve the growing number of veterans needing critical health care." *Id.* at 28-29. In support of his disparate impact claim, Plaintiff asserted that "the record provides statistically significant evidence showing the Medical Center determined market pay in an inverse relation to age of its staff anesthesiologists." *Id.* at 31 (citing to Exhibit O and P of his motion).[2]

Defendant argued that "there is no evidence that the compensation rules were applied any differently to [Plaintiff] than they are applied to other physicians across the country." ECF No. 38-1 at 13. Moreover, Plaintiff has not shown that the VA's compensation practice has an adverse impact on older physicians." *Id.* at 15.

---

Secretary of the U.S. Department of Veteran Affairs. ECF No. 102. Defendant Shulkin filed an amended answer in his official capacity as Secretary of the U.S. Department of Veteran Affairs, denying Plaintiff's allegations and incorporating all defenses set out in the original answer and in motions previously filed with the court. ECF No. 103.
[2] In Plaintiff's motion, Plaintiff did not address his disparate treatment claim. *See* ECF No. 41.

On December 8, 2017, Magistrate Judge Kaymani D. West issued a Report and Recommendation in which she recommended that the court grant Defendant's motion for summary judgment and deny Plaintiff's motion for partial summary judgment. ECF No. 67.

On March 29, 2017, the court issued an order granting Defendant's motion for summary judgment as to Plaintiff's claim for relief under the Declaratory Judgment Act (Second Cause of Action). The court declined to adopt the Magistrate Judge's recommendation and denied Defendants' motion as to Plaintiff's ADEA claim (First Cause of Action). ECF No. 81 at 11. On Plaintiff's disparate impact claim, the court concluded that "for purposes of summary judgment Plaintiff has made out a prima facie case of ADEA disparate impact discrimination under § 633a." *Id*. at 10. On Plaintiff's disparate treatment claim, the court denied Defendant's motion for summary judgment, without prejudice, because Plaintiff sought to amend his complaint contending that he has not abandoned his disparate treatment claim. *Id*. at 11.

On April 26, 2017, Plaintiff filed a motion for reconsideration asking the court to reconsider Plaintiff's declaratory judgment claim and to grant Plaintiff's motion to amend. ECF No. 90. On July 18, 2017, the court denied Plaintiff's motion for reconsideration and granted in part and denied in part Plaintiff's motion for leave to file an amended and supplemental complaint. ECF No. 97. The court granted leave to supplement the complaint with additional facts gleaned during discovery. *Id*. The court, however, denied Plaintiff's motion to assert claims under the Declaratory Judgment Act (Second Cause of Action), APA (Third Cause of Action), and the Back Pay Act (Fourth Cause of Action) as futile.[3] *Id*. at 8.

---

[3] Plaintiff filed an amended complaint asserting only an ADEA cause of action on July 31, 2017. ECF No. 102.

On December 13, 2017, Defendant filed a renewed motion for summary judgment as to the disparate treatment claim. ECF No. 110. Defendant explained that because Plaintiff's response to Defendant's motion for summary judgment did not address the disparate treatment claim, Defendant had considered this claim abandoned. ECF No. 110-1 at 1. Defendant further explained that the court's order dated March 29, 2017, denied Defendant's motion for summary judgment as to this issue without prejudice, on the basis that Plaintiff sought to amend his complaint and had not abandoned his disparate treatment claim. ECF No. 110-1 at 1-2. Defendant alleges that Plaintiff's supplemental complaint filed on July 31, 2017, includes "[n]othing new to suggest that Plaintiff intended to resurrect the disparate treatment claim with the supplemental complaint." *Id.* at 2.

On December 27, 2017, Plaintiff filed a response to Defendant's renewed motion for summary judgment. ECF No. 112. Plaintiff informed the court that "he does not intend to pursue his disparate treatment claim alleged in his supplemental complaint." *Id.* at 1. Plaintiff indicated that "[P]laintiff has determined to proceed solely on this theory of disparate impact, which theory is further supported by the additional discovery, in seeking to hold Defendant liable for violation of the [ADEA]." *Id.* Plaintiff further indicated that he "does not oppose Defendant's renewed motion for summary judgment on disparate treatment claim." *Id.*

## II.    DISCUSSION

Pursuant to Federal Rules of Civil Procedure Rule 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.  The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 24, 251-52 (1986).  Any inference drawn from the facts should be viewed in the

light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317-23 (1986).  Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue of fact.  A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

Based on Plaintiff's representation that he does not intend to pursue his disparate treatment claim against Defendant, Defendant's motion for renewed summary judgment as to Plaintiff's disparate treatment claim is GRANTED.[4]

### III.    CONCLUSION

For the reasons stated, Defendant's motion for summary judgment as to Plaintiff's disparate treatment claim is **GRANTED WITH PREJUDICE**. ECF No. 110. The matter shall be placed on the trial roster for the term of court beginning July 2018.

**IT IS SO ORDERED**.


Dated: May 3, 2018                                    _/s/ Margaret B. Seymour_____
                                                      The Honorable Margaret B. Seymour
                                                      Senior United States District Judge

---

[4] On March 29, 2017, the court denied Defendants' motion for summary judgment as to Plaintiff's disparate impact claim. *See* ECF No. 81.