IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard M. Kennedy, III, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 3:15-cv-1844-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| David J. Shulkin, in his official capacity as Secretary of the U.S. Department of Veterans Affairs, | ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Richard M. Kennedy, III is a staff anesthesiologist employed at the William Jennings Bryan Dorn Veterans Affairs Medical Center (hereinafter "Dorn Medical Center") in Columbia, South Carolina. On April 30, 2015, Plaintiff filed this action against Defendant David J. Shulkin, in his official capacity as Secretary of the United States Department of Veterans Affairs ("VA"), alleging claims under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 623. Plaintiff brings this action under the federal-sector provision of the ADEA, 29 U.S.C. § 633a, which extends the ADEA to federal employees over the age of forty.[1] In the court's prior order dated March 29, 2017 (the "March order"), the court concluded that sovereign immunity has been waived as to disparate impact claims under the ADEA's federal-sector provision. ECF No. 81.[2] This matter is now before the court as to the availability of the reasonable factors other than age ("RFOA") affirmative defense to Defendant as a federal-sector employer. Both parties submitted pretrial briefs for the court's consideration.

---

[1] The federal sector provision of the ADEA provides that "all personnel actions affecting employees or applicants for employment who are at least 40 years old of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a.

[2] Plaintiff's other causes of action have been abandoned or disposed of. ECF Nos. 81, 114.

## I. STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the court's March order. ECF No. 81. Summarily, Plaintiff alleges that Dorn Medical Center has engaged in a pattern of age discrimination in determining the market pay for anesthesiologists employed at the Medical Center. ECF No. 102, Amended Complaint. Plaintiff claims that "although [Dorn Medical Center's practices and policies are] facially neutral in their treatment of staff anesthesiologists, their impact falls more harshly on older staff anesthesiologists, including [Plaintiff]." *Id*. at ¶ 39. Plaintiff seeks damages against Defendant in the form of back pay, future pay, lost retirement benefits and other benefits, consequential damages, attorney's fees, and costs. *Id*. ¶ 42.

## II. DISCUSSION

The RFOA defense provides that, "[i]t shall not be unlawful for an employer, employment agency, or labor organization . . . to take any action otherwise prohibited under subsection (a)(b)(c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age, . . . compliance with such subsections would cause such employer, or a corporation controlled by such employer, to violate the laws of the county in which such workplace is located." 29 U.S.C. § 623(f)(1). Congress included the RFOA defense under the ADEA's private-sector provision, but not in the ADEA's federal-sector provision. *See* 29 U.S.C. § 623 (private sector provision), 29 U.S.C. § 633a (federal sector provision). The question before the court is whether Defendant as a federal-sector employer may assert the RFOA defense against Plaintiff's disparate impact claim under the ADEA federal-sector provision.

### A. Parties' Arguments

Plaintiff argues that "Congress intended exactly what it expressed and what it excluded – per the non-incorporation provision of § 633a(f) – from the statutory language of the federal-sector provision." (Plaintiff's Supplemental Trial Brief at pg. 3). In other words, Plaintiff asserts that while § 633a has been interpreted to allow him to bring a disparate impact claim, the statutory language cannot similarly be construed to incorporate the RFOA affirmative defense. Plaintiff contends that "[i]f consequently, there is no defense to the broad prohibition of age discrimination in federal employment, particularly regarding discrimination in compensation, that is an issue for Congress to address." *Id*.

Defendant argues, as it has throughout this litigation, that the RFOA defense is related to the issue of subject matter jurisdiction. (Defendant's Updated Trial Brief p. 3). Defendant asserts that the absence of the RFOA provision under the ADEA's federal sector provision is evidence that Congress never intended for the federal government to be subject to disparate impact claims. *Id*. at 4. Alternatively, Defendant contends, that if the matter proceeds to trial based on the court's prior determination that Defendant has waived sovereign immunity, the federal government should be able to assert the RFOA defense. *Id*. at 4-5.

For the reasons set forth below, the court disagrees with both positions.

### B. Court's Analysis

Neither the Supreme Court nor the Court of Appeals for the Fourth Circuit has addressed the issue of whether the RFOA defense is applicable to the ADEA's federal-sector provision. In *Gomez-Perez v. Potter*, 553 U.S. 474 (2008), upon which the court relied to establish the viability of disparate impact claims in federal-sector ADEA litigation, the Supreme Court observed that "the ADEA federal-sector provision was patterned 'directly after' Title VII's federal-sector

discrimination ban." *Id*. at 487. The Supreme Court explained that "like the ADEA's federal-sector provision, Title VII's federal-sector provision contains a broad prohibition of 'discrimination,' rather than a list of specific prohibited practices." *Id*. (comparing 42 U.S.C. § 2000e-16(a), "personnel actions affecting federal employees 'shall be made free from any discrimination based on race, color, religion, sex, or national origin," with 29 U.S.C. § 633a(a) "personnel actions affecting federal employees who are at least 40 years of age 'shall be made free from any discrimination based on age'"). Utilizing analogous cases from Title VII federal-sector discrimination claims, the Supreme Court recognized the availability of retaliation claims under § 633a. Likewise in this case, the court adopted the Magistrate Judge's reliance on *Smith v. City of Jackson*, 544 U.S. 228 (2005), noting the similarities between Title VII and the ADEA to establish the cognizability of ADEA federal-sector disparate impact claims. *See* ECF Nos. 67, 81.

The federal-sector provisions of the ADEA have been construed as self-contained provisions and "shall not be subject to, or affected by, any provision of this chapter, other than the provisions of sections 626(d)(3)[3] and 631(b),[4]" which are not relevant here. *See* 29 U.S.C. §

---

[3] Recordkeeping, Investigation, and Enforcement, 29 U.S.C. § 626(d)(3) provides that "for purposes of this section, an unlawful practice occurs, with respect to discrimination in compensation in violation of this chapter, when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." The court adopted the Magistrate Judge's Report and Recommendation analyzing § 626(d)(3) in this case. *See* ECF No. 67 at 23 (noting that "while there is no question that federal-sector ADEA now expressly includes § 626(d)(3) – a section relating to compensation discrimination – it does not automatically follow that such a section adds any additional substantive avenue of relief." ECF No. 67 at 23 (citing Lilly Ledbetter Fair Pay Act of 2009. PL. 111-2, Jan. 29, 2009, 123 Stat. 5.). The Magistrate Judge noted that § 626(d)(3), "rather than create a new substantive cause of action, the Lilly Ledbetter Act clarified limitations issues as to compensation claims by setting out when an unlawful practice is considered to have 'occurred.'" *Id*. at 23 (citing to *Rodriguez-Torres v. Gov't Dev. Bank of Puerto Rico*, 704 F. Supp. 2d 81, 96 n.6 (D.P.R. 2010) (holding that "the [Ledbetter] Act does not create substantive rights, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination"); *see also Jones v. Richland Cnty.*, C/A No. 3:16-cv-0466-MBS, 2016 WL 5402862, at *2 (noting that "Lilly Ledbetter Act does not provide a substantive cause of action, but simply amends Title VII").

4

633a(f). Consequently, the RFOA defense cannot be incorporated into the federal-sector ADEA claim. However, the *Gomez-Perez* analysis compels the conclusion that affirmative defenses available to the federal government under Title VII should also be available to the federal government in ADEA discrimination claims.

The court in *Figueroa v. Tillerson*, 289 F. Supp. 3d 212, 220 (D.D.C. 2018), set forth the standard for disparate impact claims and defenses under Title VII's federal-sector provision. *See also Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 994-98 (1988) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (1971)). The *Figueroa* court explained that "evidence of discriminatory intent or illicit motive is not required to make out a claim for disparate impact." *Id*. at 220 (citing *Segar v. Smith*, 738 F.2d 1249, 1266 (D.C. Cir. 1984)). The *Figueroa* court found that "a plaintiff must generally 'demonstrate with statistical evidence that the [challenged] practice or policy has an adverse effect on the protected group.'" *Id*. (citing *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1086 (D.C. Cir. 2011)). The court further explained that "if the plaintiff meets that burden, then the burden shifts to the defendant to 'demonstrate that the challenged practice is job related for the position in question and consistent with business necessity . . . [s]hould that burden be met, the plaintiff must then 'demonstrate that an alternative employment practice could meet the employer's legitimate needs without a similar discriminatory effect.'" *Figueroa,* 289 F. Supp. 3d at 220; *see also Anderson v. Duncan*, 20 F. Supp. 3d 42 (D.D.C. Sept. 30, 2013) (concluding that while "the Secretary would not have access to an RFOA defense, [it] might be able to utilize the business necessity defense as conceptualized by *Wards Cove Packing v. Atonio*, 490 U.S. 642 (1989), i.e., a defense in which

---

[4] Age Limits, 29 U.S.C. § 631(b) provides, "in the case of any personnel action affecting employees or applicants for employment which is subject to the provisions of section 633a of this title, the prohibitions established in section 633a of this title shall be limited to individuals who are at least 40 years old."

5

'the employer carries the burden of producing evidence of a business justification for his employment practice but the burden of persuasion remains with the disparate-impact plaintiff."); *Abdus-Shahid v. Mayor and City of Council of Baltimore*, 674 F. App'x 267, 273 (4th Cir. 2017) (noting the availability of the business necessity defense in disparate impact cases under Title VII's private-sector provision).

The court having found that Plaintiff may bring a disparate impact claim under the federal-sector provisions of the ADEA, also finds that Defendant may assert the business necessity defense recognized in *Figueroa* and *Anderson*.

### III. CONCLUSION

The court concludes that the presence of a business necessity defense in Title VII federal-sector disparate impact claims suggests that the same defense is available for disparate impact claims under the ADEA.

    /s/ Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: July 30, 2018
Columbia, South Carolina